IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY R. LAWSON, an individual, )
)
        Plaintiff, )
)
v. ) Case No. 10-CV-490-GKF-PJC
)
NOBLE FINANCE CORP., a domestic )
corporation, )
)
        Defendant. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss [Doc. No. 13] filed by defendant Noble Finance Corp. ("Noble") pursuant to Fed.R.Civ.P. 12(b)(6) and the Motion to Amend Complaint [Doc. No. 14] filed by plaintiff Mary R. Lawson's ("Lawson").

Plaintiff, a former employee of defendant, asserted claims for Title VII retaliatory discharge; wrongful termination in violation of Oklahoma public policy; and intentional infliction of emotional distress. Defendant asserts in its motion to dismiss that the complaint fails to state a claim under Rule 12(b)(6) and the standard articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Plaintiff concedes the motion with respect to the claim for intentional infliction of emotional distress, but contends she has adequately pled the Title VII retaliatory discharge and state violation of the OADA. She seeks leave to file an amended complaint which deletes the IIED claim.

### I. Allegations of the Complaint

Plaintiff alleges she was hired to work as a collection agent in defendant's Miami, Oklahoma, office on or about December 28, 2008. [Doc. No. 2, Complaint, ¶12]. She alleges that from the date of her hire through April 2009, she was subjected to unwelcome sexual harassment

by her immediate supervisor, Steven Mitts. [*Id.,* ¶13]. Plaintiff reported the harassment by way of a letter dated April 4, 2009. [*Id.,* ¶15]. After she submitted the letter, she was contacted by a member of defendant's Human Resources Department, Jose Alvarez, who advised that the situation would be taken care of. [*Id.,* ¶16]. The Complaint alleges, "After reporting the sexual harassment, Plaintiff was suspended by Mr. Alvarez for three days." [*Id.,* ¶17]. Plaintiff contends that on April 13, 2009, defendant's agents posted the collection agent position in Miami, Oklahoma to job seekers "and began seeking a replacement for Plaintiff." [*Id.,* ¶18]. She alleges, "Immediately after Plaintiff reported the sexual harassment, Nate Thompson, one of Defendant's District Supervisors, instructed Plaintiff's immediate supervisor, Barbara Starchman, to find a way to terminate Plaintiff's employment. Ms. Starchman refused to do so based on her belief that Plaintiff was a good employee." [*Id.,* ¶19]. Plaintiff contends that approximately two weeks later, Starchman was terminated from employment and replaced by Mark Belcher. [*Id.,* ¶20]. She states, "Within one week, on or about May 6, 2009, Plaintiff was terminated by Mark Belcher." [*Id.,* ¶21]. She contends she was terminated "due to her protected activity of opposing sexual harassment." [*Id.,* ¶22].

With respect to the Title VII retaliatory discharge claim, plaintiff alleges that through her report of sexual harassment to defendant's Human Resources Department, she had "engaged in an activity protected under Title VII of the Civil Rights Act, to wit: opposing any practice made an unlawful employment practice." [*Id.,* ¶24]. She contends her belief that her employer had engaged in an unlawful employment practice was reasonable and her opposition to that practice was taken in a reasonable manner. [*Id.,* ¶25]. She asserts that defendant was aware of her protected activity by virtue of the complaint letter and her subsequent conversations with the

2

human resources department, and she contends she was discharged from employment by defendant on account of her protected activity. [*Id.,* ¶¶26-27]. Plaintiff alleges defendants "have engaged willfully, knowingly, purposefully, and with specific intent in conduct in violation of federal law when Plaintiff reported her belief that she had been sexually harassed by Defendant's agent," and "[a]s a result of the aforementioned violation, Defendants thereby injured Plaintiff, depriving her of her rights and privileges of employment." [*Id.,* ¶¶28-29].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

3

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. Analysis

### A. Title VII Retaliatory Discharge Claim

The elements of a prima facie retaliatory discharge claim are: (1) plaintiff was engaged in a protected activity; (2) the employer took an adverse action against the plaintiff; and (3) a causal connection between the "protected opposition" and the adverse employment action. *Zokari v. Gates,* 561 F.3d 1076, 1081 (10th Cir. 2009). "A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Love v Re/Max of America,* 738 F.3d 383, 386 (10th Cir. 1984).

Plaintiff has alleged she wrote a letter complaining about sexual harassment on April 4, 2009, was suspended for three days after writing the letter, and was terminated on May 6, 2009. She also alleges a district supervisor instructed her immediate supervisor to fire her, and terminated the supervisor when she refused to do so. She has alleged that she was terminated because of her protected activity of reporting alleged sexual harassment. The court finds these allegations–taken as true–demonstrate circumstances that justify an inference of retaliatory motives and thus satisfy the pleading requirements of Rule 8(a)(2) and *Twombly*.

### B. Burk Tort Claim

The standards governing a state Burk tort claim are identical to those governing a Title VII claim. *See Tatum v. Philip Morris Inc.,* 16 F.3d 417 (10th Cir. 1993) (unpublished) (a Burk

tort claim "essentially parallels or incorporate's plaintiff's sex discrimination claim under Title VII."); *Sanchez v. Philip Morris, Inc.,* 992 F.2d 244, 248 (10th Cir. 1993) ("Oklahoma recognizes a separate public policy tort claim for plaintiffs alleging facts sufficient to state a claim that they were wrongfully discharged in violation of, *inter alia,* Title VII"). Having found the Complaint adequately pleads a Title VII retaliatory discharge claim, the court also concludes a public policy wrongful discharge claim has been adequately pled.

**IV. Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss [Doc. No. 13] is granted with respect to plaintiff's intentional infliction of emotional distress claim (Claim 3) and denied with respect to the remaining claims. Plaintiff Motion to Amend Complaint [Doc. No. 14] is denied as moot.

ENTERED this 23rd day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma